**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1393-20

CLARENCE SEALS,

    Plaintiff-Respondent,

v.

MIA MOORE SEALS,

    Defendant-Appellant.

_____

Submitted September 7, 2021 – Decided September 14, 2021

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1981-12.

Mia Moore Seals, appellant pro se.

Clarence Seals, respondent pro se.

PER CURIAM

Defendant Mia Moore Seals, who is self-represented, appeals an August 7, 2020 order of the Family Part enforcing litigant's rights.[1] We affirm the August 7, 2020 order.

As we said in our recent opinion, this highly contentious divorce resulted in a June 29, 2018 forty-eight-page decision by the Family Part judge. We affirmed the rulings as to child support and alimony. Seals v. Seals, No. A-5856-17 (App. Div. Feb. 10, 2021). We did not specifically address defendant's points regarding those subjects, as we considered the alleged errors not to warrant discussion in a written opinion. See Seals, slip op. at 2. We consider this appeal to also lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

In the August 7 order, the judge found defendant in violation of litigant's rights due to her failure to pay a proportionate share of the parties' unemancipated child's college expenses. She reduced plaintiff Clarence Seals's monthly alimony obligation from $3000 per month to $2175.70 for a period of time—September 1, 2020 until May 30, 2021—thus crediting plaintiff for

---

[1] Defendant also requests a change of venue, although not by way of appeal per se, on the basis that neither party has resided in Essex County for years. We do not address this point, as the subject is not addressed in the order under appeal.

defendant's balance owed of $7418.61.  The judge reiterated defendant continues

to be obligated to pay a proportionate share of the child's costs at college.

Defendant now raises the following points:

POINT 1
THE COURT ERRED IN NOT APPLYING CONTROLLING STATE LAW IN ORDERING COLLEGE EXPENSES PAYMENT.

POINT 2
THE COURT ERRED BY FAILING TO MAKE SUFFICIENT FACTFINDING ON DEFENDANT'S ABILITY TO PAY COLLEGE EXPENSES AND IGNORED SUBSTANTIAL, CREDIBLE EVIDENCE IN THE RECORD.

POINT 3
THE COURT ABUSED ITS DISCRETION AND IGNORED FEDERAL AND STATE LAW GOVERNING EXECUTIONS AND IMPOSED AN EXCESSIVE REDUCTION IN ALIMONY.

Defendant's arguments restate her position that the initial orders were

unreasonable, and that the subsequent events have made them more so.  For

example, she rejects the notion that income should have been imputed to her in

the divorce judgment when child support and alimony were calculated.  She

further claims subsequent events, not substantiated by record cites, have made

that decision even more unjust and that she should not be compelled to make

any contribution towards the child's college education.  Thus defendant's

A-1393-20

arguments are essentially a reiteration of those she unsuccessfully made to the trial court and to us in the last appeal.

The findings of the Family Part are entitled to particular deference. Cesare v. Cesare, 154 N.J. 394, 412-13 (1998) ("Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding."). Defendant attacks all the factual findings which led to the August 7 order. We see nothing in her arguments that invalidates them.

The judge's statement of reasons supporting the August 7 order began with a reference to the findings and decisions in the judgment of divorce. Thereafter, on January 2, 2020, as a result of subsequent post-judgment applications, the judge allocated to defendant one-third of the cost of the child's education. In May 2020, defendant was ordered to make contributions within thirty days, and failed to do so.

The judge's order fashioned a practical and equitable solution for plaintiff to be reimbursed. Deducting the amount owed spread out over nine months limited the reduction in income to defendant while ensuring that plaintiff "be made whole within a reasonable time since he continues to pay the cost of college . . . ."

A-1393-20

Our standard of review of this decision is abuse of discretion. <u>Avelino-Catabran v. Catabran</u>, 445 N.J. Super. 574, 587 (App. Div. 2016). No abuse of discretion occurred here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1393-20